UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISH COLLINS,

      Plaintiff,

v.                                       Case No. 8:19-cv-162-T-24 JSS

ZOLTAN BERECZKI, D.O., ET AL.,

      Defendants.

_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Summary Judgment. (Doc.

No. 33). Defendant Zoltan Bereczki, D.O. opposes the motion in part. (Doc. No. 37). As

explained below, the motion is granted in part and denied in part.

## I. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). The Court must draw all inferences from the evidence in the light most favorable to the

non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d

1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of

showing the Court, by reference to materials on file, that there are no genuine issues of material

fact that should be decided at trial. See id. (citation omitted). When a moving party has

discharged its burden, the non-moving party must then go beyond the pleadings, and by its own

affidavits, or by depositions, answers to interrogatories, and admissions on file, designate

specific facts showing there is a genuine issue for trial. See id. (citation omitted).

## II.  Background

Plaintiff Cherish Collins filed this lawsuit against Zoltan Bereczki, D.O., as well as Laser Spine Institute, LLC ("LSI") and Laser Spine Surgical Center, LLC ("LSSC").  On March 14, 2019, LSI and LSSC filed separate assignments for the benefit of creditors, pursuant to § 727 of the Florida Statutes.  (Doc. No. 13).  As a result, the Court stayed Plaintiff's claims against LSI and LSSC.  (Doc. No. 14).

Currently pending before the Court is Plaintiff's claim of medical negligence against Defendant Zoltan Bereczki, D.O.  (Doc. No. 1).  Plaintiff claims that Defendant was negligent in providing medical care to her with respect to two spinal surgeries that he performed on her.

## III.  Motion for Summary Judgment

In the instant motion, Plaintiff moves for summary judgment on the issue of liability for her medical negligence claim, as well as for summary judgment on Defendant's Second, Third, and Fourth Affirmative Defenses.  Plaintiff contends that she is entitled to summary judgment on the issue of liability for her medical negligence claim, because Defendant failed to meet the standard of care with respect to the treatment he provided and he performed a surgery on the wrong side of her spine.

In response, Defendant concedes that he does not have an evidentiary basis for those three affirmative defenses and withdraws them.  Accordingly, the Court grants Plaintiff's motion for summary judgment as to Defendant's Second, Third, and Fourth Affirmative Defenses.

However, with respect to Plaintiff's medical negligence claim, Defendant responds that the treatment that he provided met the standard of care and that he did not perform a surgery on the wrong side of Plaintiff's spine.  (Doc. No. 33, depo. p. 26-30, 34-35, 62-66, 70-71).  A

review of the record reveals that a genuine issue of material fact exists that precludes summary judgment as to liability on Plaintiff's medical negligence claim.

## IV.  Motion to Strike

Within her summary judgment motion, Plaintiff asks the Court to strike Defendant's late disclosure of his expert's report.[1]  It is not proper to combine requests for two different forms of relief into one motion, and therefore, the Court denies the motion to strike without prejudice.  If Plaintiff wants to pursue such a motion, she can file a separate motion to strike by April 6, 2020 that contains a memorandum of law and that explains how she is prejudiced by the late disclosure.  In response, Defendant must explain the reason for the late disclosure with citations to case law supporting his contention that the late disclosure is substantially justified or harmless.

## V.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Plaintiff's Motion for Summary Judgment (Doc. No. 33) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that Plaintiff is entitled to summary judgment on Defendant's Second, Third, and Fourth Affirmative Defenses; otherwise, the motion is **DENIED**.

(2)     The parties are directed to file their joint pretrial statement by *July 31, 2020.*

(3)     All pretrial motions, including all motions in limine, must be filed by *April 6, 2020*. Each party may file *one* motion in limine containing all of their arguments in a single document not to exceed 25 pages.  Responses thereto must be filed by *April 20, 2020*.

---

[1] The Scheduling Order in this case sets the deadline for Defendant's expert disclosure on January 23, 2020.  (Doc. No. 26).  Defendant did not disclose his expert's report until March 19, 2020.  (Doc. No. 36).

DONE AND ORDERED at Tampa, Florida, this 24th day of March, 2020.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record