UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISH COLLINS,

    Plaintiff,

v.                                                                                        Case No. 8:19-cv-162-T-24 JSS

ZOLTAN BERECZKI, D.O., ET AL.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on two motions: (1) Defendant Zoltan Bereczki, D.O.'s Motion in Limine (Doc. No. 42), which Plaintiff opposes (Doc. No. 50); and (2) Plaintiff's Motion to Strike (Doc. No. 41), which Defendant opposes (Doc. No. 52). As explained below, Plaintiff's motion is denied and Defendant's motion is granted in part.

Plaintiff Cherish Collins filed this lawsuit against Zoltan Bereczki, D.O., asserting a claim of medical negligence. Specifically, Plaintiff claims that Defendant was negligent in providing medical care to her with respect to two spinal surgeries that he performed on her. Currently pending before the Court are two pretrial motions filed by the parties.

## I.  Plaintiff's Motion to Strike

Plaintiff moves to strike an opinion of Defendant's expert, Dr. Robert Simon. Specifically, she moves to strike the following opinion:

> It is appropriate and within the standard of care for a surgeon to meet and discuss consent for [a] surgical procedure on the same day of the procedure as long as there is a preoperative evaluation provided by a qualified individual who provides all of the information essential to the surgeon to make the decision whether or not to operate.

(Doc. No. 41, p. 6). Plaintiff contends that Dr. Simon does not provide a basis for this opinion, because: (1) there was no preoperative evaluation for a right-sided surgery and no mention of a

right-sided surgery prior to her first surgery on February 23, 2017; and (2) Dr. Simon fails to identify the qualified individual who conducted the requisite preoperative evaluation and when it occurred.

Additionally, Plaintiff points out that Defendant was almost two-months late disclosing Dr. Simon's expert report (the deadline was January 23, 2020 and Defendant disclosed it on March 19, 2020), and the late-disclosed report did not contain a list of all other cases during the past four years in which Dr. Simon testified as an expert witness. Plaintiff deposed Dr. Simon on April 6, 2020.

Defendant argues that the Court should not strike Dr. Simon's opinion, because he explained the basis for it during his April 6, 2020 deposition. During his deposition, Dr. Simon said that there was a significant amount of review of Plaintiff's medical records and that Dr. Gandhi had seen Plaintiff prior to surgery. (Doc. No. 52-1, depo. p. 81). The Court finds that Dr. Simon's opinion should not be stricken, because Plaintiff can challenge Dr. Simon's conclusion and the basis for it through cross-examination.

In response to Defendant's failure to disclose the list of past cases in which Dr. Simon had been an expert witness, Defendant contends that Plaintiff received the list prior to Dr. Simon's deposition. It appears that the list of eight cases was given to Plaintiff fifteen minutes before Dr. Simon's deposition began. (Doc. No. 52-1, depo. p. 12). While the Court does not condone the late disclosure of the list of cases, the Court finds that there was no prejudice resulting from it, as Plaintiff had an opportunity to depose Dr. Simon about the list.

Based on the above, the Court denies Plaintiff's motion to strike. While it appears that Defendant ignored the Court's deadlines in this case, Plaintiff was not prejudiced by Defendant's

2

late disclosures. The Court finds that the proposed remedy of striking part of Dr. Simon's expert report is too severe a penalty under the circumstances.

## II.  Defendant's Motion in Limine

Defendant filed a motion in limine to preclude two types of testimony: (1) Plaintiff offering expert opinion testimony, and (2) cumulative testimony on the standard of care. As explained below, this motion is granted in part.

Defendant first asks the Court to preclude Plaintiff from testifying that she was told that the MRIs taken before and after her surgeries showed no change at the surgical site, which led her to believe that no surgical intervention had been done. Defendant argues that only an expert can testify as to whether the proper type of surgery was performed in the proper location.

Plaintiff responds that Defendant's motion should be denied as to this issue. Specifically, she argues that her understanding of what her MRIs demonstrated is not offered to prove that Defendant violated the proper standard of care; instead, her testimony is relevant to her claim of mental anguish.

The Court agrees with Plaintiff that the effect of what she learned from her doctor after Defendant performed surgeries on her is relevant to her claim of mental anguish. Plaintiff must not testify that she believes that Defendant violated the standard of care; instead, she may testify as to what her doctor told her and that the doctor's opinions about Defendant's surgeries caused her mental anguish. Defendant may object at trial if Plaintiff's testimony veers toward asserting an inappropriate expert opinion rather than parroting evidence that will come from her expert's and her treating doctor's testimony. Accordingly, the Court denies Defendant's motion on this issue.

Next, Defendant argues that Plaintiff should not be allowed to present cumulative testimony on the proper standard of care. Specifically, Defendant objects to Plaintiff having her expert, Dr. Kowalski, and her treating physician (and subsequent surgeon), Dr. Herrod, both testify as to the proper standard of care in this case.

Plaintiff responds that she does not intend to call Dr. Harrod as an expert witness; instead, she intends to call him as a fact witness to explain the care and treatment that he provided her. Plaintiff agrees that Dr. Harrod should not provide cumulative standard of care testimony, nor should he provide expert opinion regarding Defendant's surgeries beyond his opinions obtained directly from treating Plaintiff. However, Plaintiff points out that there may be some overlap in Dr. Harrod's testimony regarding standard of care, because Dr. Harrod will need to explain why the treatment he provided, and the subsequent surgery he performed, was necessary. Thus, Plaintiff contends that Dr. Harrod should not be precluded from testifying about any opinions that he made that resulted directly from his examination and treatment of Plaintiff—including what was demonstrated on the pre- and post-operative MRI films and what he determined Defendant did during surgery based on his own subsequent surgery on Plaintiff.

Upon consideration, the Court agrees that cumulative testimony should be limited, but Dr. Harrod should not be precluded from testifying about any opinions that he made that resulted directly from his examination and treatment of Plaintiff. Thus, the Court grants in part and denies in part Defendant's motion on this issue.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant Zoltan Bereczki, D.O.'s Motion in Limine (Doc. No. 42) is **GRANTED** to the extent set forth above; otherwise, the motion is **DENIED**.

(2)    Plaintiff's Motion to Strike (Doc. No. 41) is **DENIED**.

DONE AND ORDERED at Tampa, Florida, this 30th day of April, 2020.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record